IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AZ PONDS & SUPPLIES, INC.
6271 Perkiomen Avenue
Birdsboro, Pennsylvania 19508           *

v.                                      Case No. _____

ROMAR INNOVATIONS, INC                  *
d/b/a Aqua Ultraviolet
42371 Avenida Alvarado
Temecula, California 92590

Serve:

Marene Williams, Resident Agent
42371 Avenida Alvarado                  *
Temecula, California 92590

*   *   *   *   *   *   *   *   *   *

## COMPLAINT

Plaintiff AZ Ponds & Supplies, Inc., by its undersigned attorneys, hereby sues Defendant Aqua Ultraviolet, Inc., and states as follows

### Parties

Plaintiff AZ Ponds & Supplies, Inc. ("AZ Ponds") is a Pennsylvania corporation with its principal place of business in Birdsboro, Pennsylvania. AZ Ponds transacts business in the State of Maryland.

2    Defendant Romar Innovations, Inc. ("Romar") is a California corporation with its principal place of business in Temecula, California. Romar performs business under the trade name "Aqua Ultraviolet, Inc." Romar sells and distributes products throughout the United States, including in the State of Maryland

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1332

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court has personal jurisdiction over Defendant Romar, because a substantial part of Defendant Romar's actions and wrongs complained of herein occurred in the State of Maryland

## Facts

5. Plaintiff AZ Ponds is a water gardening and pond supply company located in Pennsylvania that sells a wide variety of products from different manufacturers.

6. AZ Ponds conducts a substantial amount of its business through internet sales and advertising.

7. AZ Ponds purchases water gardening and pond supply products from a various manufacturers and distributors for resale to its customers.

8. Defendant Romar is a water sterilization company that manufacturers and sells, among other products, water disinfection products in the water gardening and pond supply market throughout the United States, including in the State of Maryland.

9. AZ Ponds, with Romar's knowledge and consent, has for many years sold Aqua Ultraviolet, Inc. ("Aqua") products to its customers primarily by purchasing Aqua products from third-party distributors for re-sale

10. AZ Ponds has sold over $150,000 of Aqua products annually for a number of years, and Romar has reaped the benefit of those sales through the revenue generated

from the sales, the advertisement of Aqua products to AZ Ponds customers and the description and promotion of Aqua products by AZ Ponds, including on its web site.

11. Romar was aware at all times that AZ Ponds also promoted and sold products manufactured by Aqua's competitors, and consented to this at all times relevant to the actions complained of herein.

12. AZ Ponds also sold replacement parts, including ultraviolet lamps, for Romar and other manufacturers' products. AZ Ponds purchased these replacement products from various distributors and manufacturers.

13. Romar was aware of this practice and in fact took part in the same practice with other distributors who sold replacement parts for products manufactured by Aqua's competitors but purchased the replacement parts from Aqua.

14. Romar was aware that this practice was accepted in its industry and engaged in the practice regularly.

15. In early March, 2005, Romar demanded that AZ Ponds cease this practice.

16. Prior to this demand, AZ Ponds was unaware that Romar objected to the practice and in fact believed that Romar consented to the practice since it had never objected to it before and because Romar engaged in the same practice with other distributors by supplying Aqua products that were labeled as the product of an Aqua competitor.

17. On or about March 31, 2005, in an apparent effort to injure AZ Ponds' reputation and business, Romar wrote and published a false and defamatory memorandum to distributors of its products claiming that AZ Ponds was committing a

"bait and switch" on customers by shipping a competitor's products to customers who had in fact ordered an Aqua product

18.     In addition, Romar published oral false and defamatory oral statements to customers of AZ Ponds who contacted Romar about their purchase of Aqua products through AZ Ponds. Romar falsely and untruthfully told the customers that AZ Ponds would ship the customer another product instead of the Aqua product.

19.     Romar made these false statements with knowledge of their falsity, or with reckless disregard for their truth, or negligently made the statements

20.     Romar made these false statements with actual malice or was negligent in not knowing that the statements were false.

21      The false statements made by Romar to distributors of its products were defamatory in tending to injure AZ Ponds by painting it in a false light, exposing it to negative and damaging publicity in their industry, impairment of its reputation and standing in the community, and impugning it to be dishonest and misleading with its customers

22.     Romar published these false statements to numerous distributors of water gardening and pond supply product distributors in AZ Ponds' industry, and to customers of AZ Ponds, who reasonably understood this publication to be defamatory.

23      Romar acted with knowledge of the falsity of the statements and with the intent to harm AZ Ponds' business and reputation.

24.     As a result of the false and defamatory statements, the character and reputation of Plaintiff AZ Ponds has been harmed, its standing and reputation in the water

gardening and pond supply community has been impaired, and AZ Ponds has suffered actual damages including lost business and lost profits

25      In addition to communicating the false and defamatory statements regarding AZ Ponds to its distributors, Romar improperly demanded that distributors of its products cease and desist from selling Aqua products to AZ Ponds based on the false and untrue allegations

26.     The distributors to whom Romar communicated the false statements all had existing business relationships with AZ Ponds to purchase and sell products, including Aqua products

27.     Romar was aware of the business relationships between AZ Ponds and each of the distributors to whom it made the false and misleading communications at the time the communications were made.

28.     The conduct of Romar in communicating the false and misleading statements to the business partners of AZ Ponds was intentional, willful, and calculated to cause damage to AZ Ponds' lawful business   The conduct of Romar was perpetrated with the intentional and improper purpose of causing damage and was without justifiable cause.

29.     As a result of the conduct of Romar, the businesses contacted by Aqua have ceased doing business with AZ Ponds.

30.     As a result of Aqua's conduct and actions AZ Ponds has suffered and will continue to suffer damages from this defamation and wrongful interference with economic relations including, but not limited to, lost profits, other consequential damages and harm to reputation

## Count I
(Defamation)

31   Plaintiff incorporates the allegations contained in Paragraphs 1-30 of the Complaint as if fully set forth herein

Defendant Romar published false and defamatory communications as set forth above about AZ Ponds.

33.   Romar published the false and defamatory statements to distributors and customers in the water gardening and ponds supply industry who reasonably recognized and understood the statements as being defamatory in nature against AZ Ponds.

34   Romar published the false and defamatory statements with knowledge of their falsity, or with reckless disregard for their truth, or negligently.

Romar acted with the intent to harm AZ Ponds' business and reputation.

36.   As a result of the false and defamatory statements published by Romar, AZ Ponds has suffered and will continue to suffer damages including, but not limited to, lost business, lost profits, loss of prospective income and other consequential damages.

WHEREFORE Plaintiff AZ Ponds & Supplies, Inc. demands judgment in its favor, and against Defendant Romar Innovations, Inc., and an award of damages as follows:

a   lost profits in an amount to be determined at trial;

b   compensatory damages of not less than $250,000, or an amount to be determined at trial;

c.   consequential damages in an amount to be determined at trial;

d   punitive damages in the amount of not less than $500,000;

6

e.  interest and costs, and post-judgment interest at the legal rate, and reasonable attorney's fees, and for such further relief as the Court may deem appropriate.

## Count II
(Tortious Interference With Business Relations)

Plaintiff incorporates the allegations contained in Paragraphs 1-36 of the Complaint as if fully set forth herein.

38. Defendant Romar made false and untrue allegations against Plaintiff AZ Ponds to businesses and customers engaged in commercial relationships with AZ Ponds.

39. Romar further improperly demanded that its distributors cease and desist from selling its products to AZ Ponds based upon this false allegation.

Romar was aware of the business relationships between AZ Ponds and these other businesses and customers at the time the false and defamatory statements, and the improper and unlawful demand, were made.

41. Romar made the statements knowing they were false, or with reckless disregard for their truth.

42. Romar intentionally and willfully demanded that the business partners of AZ Ponds cease and desist from selling Aqua products to AZ Ponds with the intent of causing harm to AZ Ponds and the business relationships it enjoyed with its distributors and wholesalers, and based on statements that Romar knew were false and misleading.

43. Romar intentionally and willfully interfered with the business relationships between AZ Ponds and its customers by making false and untrue allegations about the products customers would receive from AZ Ponds after placing an order.

44. Romar made the improper and unlawful demand to business partners of AZ Ponds, and the false and misleading statements to customers, intending to cause harm to the business of AZ Ponds, without justification.

45. As a result of the conduct of Romar, the business partners of AZ Ponds have ceased selling Aqua products to AZ Ponds, and AZ Ponds has been unable to fill customer orders for Aqua products. AZ Ponds has also lost business as a result of the false and misleading statements made to its customers by Romar.

46. As a result of Romar's conduct and actions, AZ Ponds has suffered and will continue to suffer lost profits, other consequential damages, and harm to reputation.

WHEREFORE Plaintiff AZ Ponds & Supplies, Inc. demands judgment in its favor, and against Defendant Romar Innovations, Inc., and an award of damages as follows:

    a. lost profits in an amount to be determined at trial;

    b. compensatory damages of not less than $250,000, or an amount to be determined at trial;

    c. consequential damages in an amount to be determined at trial;

    d. punitive damages in the amount of not less than $500,000;

    e. interest and costs, and post-judgment interest at the legal rate, and reasonable attorney's fees, and for such further relief as the Court may deem appropriate.

Dated: June 27, 2005                           Respectfully submitted,

                                               /s/
                                               ─────────────────────────
                                               Timothy M. Monahan (#13023)
                                               Offit, Kurman, Yumkas & Denick, P.A.
                                               8 Park Center Court
                                               Suite 200
                                               Owings Mills, Maryland  21117
                                               (443) 738-1500
                                               (443) 738-1535 fax
                                               tmonahan@offitlaw.com

                                               *Attorneys for Plaintiff*

### Request for a Jury Trial

Plaintiff AZ Ponds & Supplies, Inc., by its undersigned counsel, demands a jury trial as to all claims set forth in this Complaint.

                                               /s/
                                               ─────────────────────────
                                               Timothy M. Monahan

I:\31\310001\001\85\Complaint.doc

9